UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

PHARAOHS GC, INC.,

        Plaintiff,

        v.

UNITED STATES SMALL BUSINESS
ADMINISTRATION, et. al,

        Defendants.

_____

20-CV-665
DECISION & ORDER

On June 2, 2020, the plaintiff, Pharaohs GC, Inc. ("Pharaohs")—an adult-entertainment club—filed a complaint alleging violations of the Administrative Procedure Act ("APA") and the United States Constitution.  Docket Item 1.  More specifically, Pharaohs alleged that it has a statutory and constitutional right to obtain a loan guaranteed by the United States Small Business Administration ("SBA") under the Paycheck Protection Program ("PPP") of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act").  *Id*.  The bank to which Pharaohs applied for such a loan denied it because businesses that "[p]resent live performances of a prurient sexual nature" are ineligible under 13 C.F.R. § 120.110(p).  Docket Item 1 at ¶ 45.  So Pharaohs sued, Docket Item 1, and moved for a preliminary injunction, Docket Item 3.[1]

---

[1] Pharaohs initially moved for a temporary restraining order as well but withdrew that request in exchange for the SBA's agreement "to reserve $345,067.50 in PPP loan guarantee authority . . . in order to guarantee the PP[P] Loan for which [Pharaohs] has applied."  Docket Item 9 at 2.

On June 15, 2020, the SBA[2] responded to Pharaohs's motion for a preliminary injunction and moved to dismiss Pharaohs's constitutional claims for lack of standing. Docket Item 13.  On June 22, 2020, Pharaohs responded to the SBA's motion to dismiss and replied to the SBA's opposition to Pharaohs's motion for a preliminary injunction.  Docket Item 16.  On June 24, 2020, the Court heard oral argument and reserved decision.  Docket Item 19.

Two days later, this Court issued a decision and order denying both Pharaohs's motion for a preliminary injunction and the SBA's motion to dismiss.  Docket Item 18. On July 8, 2020, Pharaohs filed a notice of interlocutory appeal regarding the Court's denial of its motion for a preliminary injunction.  Docket Item 21.  On March 4, 2021, the Second Circuit affirmed this Court's denial of Pharaohs's motion.  *Pharaohs GC, Inc. v. United States Small Bus. Admin.*, 990 F.3d 217 (2d Cir. 2021).

In the meantime, on August 20, 2020, this Court referred the case to United States Magistrate Judge H. Kenneth Schroeder, Jr., for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B).  Docket Item 25.  On February 11, 2022, the SBA moved for summary judgment, Docket Item 36; on June 30, 2022, Pharaohs responded, Docket Item 43; and on July 21, 2022, the SBA replied, Docket Item 44.  On June 20, 2023, the SBA submitted a supplemental declaration in support of its motion.  Docket Item 46.

On July 31, 2023, Judge Schroeder issued a Report and Recommendation ("R&R") finding that Pharaohs's claims for declaratory and injunctive relief should be

---

[2] The defendants in this case are the SBA; Jovita Carranza, in her official capacity as Administrator of the SBA; the United States of America; and Steve Mnuchin, in his official capacity as United States Secretary of Treasury.  For ease of reference, the Court will refer to the defendants collectively as "the SBA" throughout this decision and order.

dismissed as moot and that the SBA's motion should be granted as to the remaining claims.  Docket Item 47.  In the alternative, the R&R recommended that that this Court grant summary judgment in favor of the SBA on all of Pharaohs's claims.  *Id.* at 21 & n.8.[3]

On September 5, 2023, Pharaohs objected to the R&R, arguing that (1) its claims are not moot; (2) Pharaohs should be given leave to amend its complaint to sue the SBA Administrator and Treasury Secretary in their individual capacities; and (3) Judge Schroeder incorrectly determined that the SBA's denial of a PPP loan did not violate the APA and Pharaohs's constitutional rights.  Docket Item 50.  On September 27, 2023, the SBA responded to the objections, Docket Item 52, and on October 11, 2023, Pharaohs replied, Docket Item 53.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully and thoroughly reviewed the R&R; the record in this case; the objections, response, and reply; and the materials submitted to Judge Schroeder.  Based on that *de novo* review, the Court accepts and adopts Judge Schroeder's alternative recommendation to grant the SBA's motion for summary judgment on all claims.  *See* Docket 47 at 21 & n.8.  Because the SBA has since withdrawn its mootness argument, the Court declines to dismiss as moot Pharaohs's claims for declaratory and injunctive relief.

---

[3] Page numbers for docket items refer to ECF pagination.

**DISCUSSION**

The Court assumes the reader's familiarity with the factual background and Judge Schoeder's analysis in the R&R, Docket Item 47.

**I.    MOOTNESS**

In its motion for summary judgment, the SBA argued that Pharaohs's claims were moot because its sole owner, Peter Gerace, had been indicted on felony charges and therefore was no longer eligible for a PPP loan.[4]  Docket Item 36-3 at 20-22.  Judge Schroeder agreed that Pharaohs's claims for declaratory and injunctive relief were moot and recommended dismissal of those claims.  Judge Schroeder noted, however, that "[n]either party has addressed whether [Pharaohs] has a viable claim for damages," and he therefore recommended that the SBA's "request that the case be dismissed as moot in its entirety be denied."  Docket Item 47 at 7-8.

In its objection, Pharaohs argued that Gerace may be found not guilty, and, if that happens, the claims will not be moot.  Docket Item 50 at 3-4.  In response, the SBA withdrew its mootness argument.  Docket Item 52 at 23 n.7.  This Court therefore declines to dismiss any of Pharaohs's claims as moot.

---

[4] Under the SBA's Interim Final Rule, effective March 3, 2021, a business is ineligible for PPP loans if "[a]n owner of 20 percent or more of the equity of the applicant is presently incarcerated or, for any felony, presently subject to an indictment." Business Loan Program Temporary Changes; Paycheck Protection Program— Revisions to Loan Amount Calculation and Eligibility, 86 FR 13149-01.

**II.     THE MERITS**

In denying Pharaohs's motion for a preliminary injunction, this Court found that Pharaohs had "not shown—let alone clearly shown—that it [was] likely to succeed on the merits of its claims."  Docket Item 18 at 5.  More specifically, this Court found that the SBA's decision to exclude adult-entertainment businesses from eligibility for PPP loans was "not arbitrary, capricious, or manifestly contrary to the CARES Act" and therefore did not violate the APA.  *Id.* at 13.  The Court further found that the SBA's denial of Pharaohs's PPP loan application did not violate the First Amendment because (1) the PPP was a subsidy, and (2) "the SBA's decision to exclude adult-entertainment businesses from the PPP [was] content—not viewpoint—based."  *Id.* at 16-18.  And the Court noted that, as the Supreme Court has held, "the government can make content-based distinctions when it subsidizes speech."  *Id.* at 18 (quoting *Davenport v. Washington Educ. Ass'n*, 551 U.S. 177, 188-89 (2007)).  Finally, the Court found that the rational basis test applied to Pharaohs's equal protection claim and that under that test, "Pharaohs [was] not likely to show that the SBA's exclusion of adult-entertainment businesses from the PPP violates Pharaohs's right to equal protection."  *Id.* at 18-19.  The Second Circuit affirmed this Court's decision.  *Pharaohs*, 990 F.3d 217.

As Judge Schroeder observed, although "prior decisions addressing the merits of [the p]laintiff's claims in the context of its motion for preliminary injunction do not have a preclusive effect," the analysis and "reasoning in those decisions [is] instructive."  Docket Item 47 at 13 n.6; *see also Tinnus Enterprises, LLC v. Telebrands Corp.*, 733 F. App'x 1011, 1021 (Fed. Cir. 2018) (summary order) ("While our decision in [the context of a motion for preliminary injunction] has no preclusive effect . . . , we still find the merits of our reasoning from [that prior decision] persuasive to our analysis here."); *In re*

5

*Siegmund Strauss, Inc.*, No. 13-10887 (MG), 2013 WL 3784148, at *9 (Bankr. S.D.N.Y. July 17, 2013) ("There is no preclusive effect from this prior decision [in the context of a motion for preliminary injunction], but it is nevertheless instructive."). That is particularly true in a case—such as this one—where the issues are primarily legal and not factual.

This Court agrees with Judge Schroeder that, based on the same reasoning this Court employed in its decision and order on Pharaohs's motion for a preliminary injunction—with which the Second Circuit agreed—the SBA's motion for summary judgment should be granted. As the SBA observes, Pharaohs's "objections to the R&R . . . largely reiterate[] the same arguments [Pharaohs] asserted on the preliminary injunction motion before this Court and the Second Circuit."[5] Docket Item 52 at 9. This

---

[5] Pharaohs did raise one new argument in its objection: that "the factual circumstances of the COVID-19 pandemic . . . altered the SBA Administrator's authority under the CARES Act." Docket Item 50 at 5. More specifically, Pharaohs argues that "[t]he SBA Administrator's decision to exclude the [p]laintiff's business due the nature of its business operations cannot amount to anything but a clear discriminatory practice as the [p]laintiff would be in danger of having to cease business operations due to New York State's refusal to let it operate." *Id.* at 6.

As an initial matter, Pharaohs did not raise this argument before Judge Schroeder, and this Court therefore need not consider it. *See Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988); *see also Diggs v. City of New York*, 2019 WL 4361023, at *3 (S.D.N.Y. Sept. 12, 2019) (explaining that "[t]he requirement that parties present their arguments in full to the magistrate judge before later presenting them in objections to the district court is grounded in interests of efficiency and fairness"). Regardless, this Court does not see how the COVID-19 pandemic could *alter* the SBA's authority under the CARES Act when the CARES Act was promulgated in direct response to the pandemic. Moreover, this Court was well aware at the time it decided the motion for a preliminary injunction that New York State had required Pharaohs to cease business operations due to COVID-19. *See* Docket Item 18 at 2 (explaining that "Pharaohs has been closed for business since 8 p.m. on March [22], 2020[,] and is currently shuttered as a result of [Governor Andrew Cuomo's] Executive Order." (quoting Docket Item 1 at ¶ 36)). So Pharaohs's new argument misses the mark on the merits as well.

6

Court rejects those arguments for the same reasons it did in its decision on that prior motion.[6]

## CONCLUSION

For the reasons stated above and in the R&R, this Court accepts Judge Schroeder's recommendation. The SBA's motion for summary judgment, Docket Item 36, is GRANTED. The Clerk of the Court shall close the case.

SO ORDERED.

Dated: January 31, 2024
Buffalo, New York

*/s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE

---

[6] This Court also rejects Pharaohs's suggestion that it should be allowed to amend its complaint to include claims against the SBA Administrator and the Treasury Secretary in their individual capacities. *See* Docket Item 50 at 4-5. Because this Court finds that the SBA's exclusion of Pharaohs from the PPP program did not violate the APA or Pharaohs's constitutional rights, such amendment would be futile.